# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

Denis Robert Zamora,

       Plaintiff,

v.

Credence Resource Management, LLC

       Defendant.

_____

# COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ. AND JURY DEMAND

_____

## INTRODUCTION

This is a case about a debt collection firm that thumbed its nose at Federal and State debt collection laws by calling a consumer in connection with the collection of a debt after they already acknowledged that he was entitled to have them stop. Nonetheless, they continued to harass him in violation of those laws and even violated them further by calling him after-hours.

Plaintiff Denis Robert Zamora, by and through Plaintiff's attorneys, brings this complaint to challenge the actions of Credence Resource Management, LLC ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt, and this conduct caused Plaintiff damages. Plaintiff alleges the following:

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. The Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent action to protect consumers against debt collection abuses. Additionally, the Colorado Legislature enacted the Colorado Fair Debt Collection Practices Act, C.R.S. § 12-14-101 et seq., to further protect consumers in Colorado.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. Unless otherwise stated, all the conduct engaged in by Defendant took place in Colorado.

4. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state law claims.

2. This Court has federal question jurisdiction because this action arises out of Defendant's violations of federal law. 15 U.S.C. §1692 et seq.

3. Venue is proper because Plaintiff is a resident of Arapahoe County, Colorado, and Defendant is subject to personal jurisdiction in Colorado as it conducts business there, and Defendant's conduct giving rise to this action occurred in Colorado.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a resident of the City of Centennial, County of Arapahoe, State of Colorado.

5. Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1692a(3) and C.R.S. § 12-14-103(4).

6. Defendant has its principal place of business in the City of Dallas, in the State of Texas.

7. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" and is therefore a "debt collector" as the terms are defined by 15 U.S.C. §1692a(6) and C.R.S. § 12-14-103(7).

8. Defendant is in the business of collecting consumer debt, almost exclusively.

**FACTUAL ALLEGATIONS**

9. Prior to March 1, 2017, Plaintiff allegedly incurred a consumer debt. This debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, primarily for personal, family, or household purposes and not for business, investment, commercial or agricultural purposes. Therefore, this alleged debt was a "debt" as the term is defined by 15 U.S.C. §1692(a)(5) and C.R.S. § 12-14-103(6).

10. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

11. Subsequently, the alleged debt was assigned, sold, or otherwise transferred to Defendant, a collection agency.

12. In this regard, Defendant contacted Plaintiff numerous times by telephone in an attempt to collect the alleged debt from Plaintiff.

13. These calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control, and for Defendant's benefit.

14. These calls to Plaintiff were "communications" as that term is defined by 15 U.S.C. § 1692a(2) and C.R.S. § 12-14-103(3), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

15. On or about March 18, 2017, Plaintiff sent a written cease and desist request via email to Defendant stating that Plaintiff wished Defendant to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

16. On or about March 20, 2017, Plaintiff received an email from Defendant confirming receipt of Plaintiff's request for the calls to stop.

17. Specifically, the email from Defendant stated that Defendant "will cease all communications with [Plaintiff] regarding this matter."

18. This email to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and C.R.S. § 12-14-103(3), and an "initial written communication" consistent with C.R.S. § 12-14-105(3)(c)-(e), as Plaintiff had not received any other written communications from Defendant prior to March 20, 2017.

19. On or about March 21, 2017, Defendant telephoned Plaintiff two separate times in an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c).

20. One of these calls was made to Plaintiff after 9:00 pm.

21. Despite Plaintiff's clear and unmistakable request not to be contacted by phone, the calls continued without interruption. In fact, Plaintiff received approximately 12 calls after Defendant indicated to him that Defendant would stop all communications.

22. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

**DEFENDANT IGNORED PLAINTIFF'S CEASE AND DESIST**

23. Although Plaintiff specifically submitted a cease and desist request in writing to Defendant so that any calls from Defendant would stop, Defendant continued to call Plaintiff numerous times.

24. By contacting Plaintiff numerous times after Plaintiff requested that all communication cease, Defendant violated 15 U.S.C. § 1692c(c) and C.R.S. § 12-14-103(3)(a).

25. Plaintiff became frustrated that, despite his request for the calls to stop, he had to continue enduring harassing phone calls multiple times each day. As a result of these illegal collection and intimidation tactics, Plaintiff has suffered actual damages in the form of invasion of privacy, interference with the attorney-client relationship, loss of productive time, nausea, and feelings of

fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, humiliation, and embarrassment, amongst other negative emotions.

## DEFENDANT COMMUNICATED WITH PLAINTIFF AFTER 9:00 PM

26. On or about March 21, 2017, Defendant called Plaintiff after 9:00 pm.

27. Congress determined that calls placed after 9:00 pm are inconvenient and unusual.

28. By calling Plaintiff after 9:00 pm, Defendant invaded Plaintiff's privacy and disrupted his ability to peacefully enjoy his evening without harassing debt collection calls.

29. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

## DEFENDANT FAILED TO COMPLY WITH COLORADO DISCLOSURE REQUIREMENTS

30. Defendant's March 20, 2017 written communication failed to include required notices regarding the Colorado Fair Debt Collection Practices Act pursuant to C.R.S. § 12-14-105(3)(c).

31. The purpose of this section is to ensure that consumers are made aware of their rights with respect to debt collection activities.

32. The omission of this language explicitly required by the Colorado Legislature is likely to mislead the least sophisticated consumer in violation of C.R.S. § 12-14-105(3)(c).

33. Through this conduct, Defendant violated 15 U.S.C. § 1692e; and, C.R.S. § 12-14-107(1) by using false, deceptive and misleading representations in connection with the collection of the alleged debt.

### ACTUAL DAMAGES

34. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, invasion of privacy, interference with the attorney-client relationship, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ. (FDCPA)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages of $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A); actual damages pursuant to 15 U.S.C. §1692k(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

## COUNT II
### VIOLATION OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT
### C.R.S. § 12-14-101 ET SEQ. (CFDCPA)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the CFDCPA, including but not limited to each and every one of the above-cited provisions of the CFDCPA, C.R.S. §12-14-101 et seq.

40. As a result of each and every violation of the CFDCPA, Plaintiff is entitled to actual damages pursuant to C.R.S. §12-14-113(1)(a); statutory damages of up to $1,000 pursuant to C.R.S. §12-14-113(1)(b)(I); and reasonable attorney's fees and costs pursuant to C.R.S. §12-14-113(1)(c) from Defendant.

## COUNT III
### VIOLATION OF THE COLORADO CONSUMER CREDIT CODE
### C.R.S. § 5-5-109

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendants, or their assignors and/or predecessors in interest, entered into a "consumer credit transaction" with Plaintiff, as that term is defined in C.R.S. § 5-1-301(11), for goods or services for a personal, family or household purpose.

43. Each of these calls made by Defendants was an attempt to collect on a consumer debt that arose from a consumer credit transaction with Plaintiff.

44. Defendants engaged in unconscionable conduct in collecting a debt by calling Plaintiff at frequent intervals and/or unusual hours.

45. Plaintiff received approximately 12, with at least one call every day for several days in a row. The primary purpose of these incessant calls was to harass Plaintiff.

46. As a result, Plaintiff has sustained actual damages as described above.

## COUNT IV

### NEGLIGENCE

47. A defendant is liable for the tort of negligence when it fails to use reasonable care to prevent harm to others, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant violated at least one of its general duties of care to Plaintiff when it when it willfully annoyed, abused, harassed Plaintiff, by placing telephone calls when it knew they were illegal.

50. Specifically, Defendant exceeded the bounds of reasonableness in its collection tactics and ignored Plaintiff's clear instructions to stop calling.

51. As a direct result of Defendants' lack of due care, Plaintiff suffered actual damages in an amount to be proven at trial.

## COUNT V

### INVASION OF PRIVACY

52. A defendant is liable for the tort of invasion of privacy when it intentionally intrudes upon a plaintiff's reasonable expectation of privacy in a way that is highly offensive to a reasonable person, and, as a result that intrusion is a

substantial factor in causing harm to the plaintiff.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiff had a reasonable expectation of privacy both in his cellphone and in his voicemail after Plaintiff requested, and Defendant confirmed that the calls would stop. Defendant intentionally intruded on both of those in a highly offensive manner with the motive and goal to coerce Plaintiff into paying it money when it knew that what they were doing was illegal.

55. Defendant's conduct was a substantial factor in causing Plaintiff actual harm in an amount to be proven at trial.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- Award of compensatory damages for losses, in an amount to be determined at trial, pursuant to the common law of torts against Defendant and for Plaintiff, and,

- an award of statutory damages of $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A) or C.R.S. § 12-14-113(1)(b), against Defendant;

- an award of actual damages to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(1) or C.R.S. § 12-14-113(1)(a), against Defendant;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1692k(a)(3), C.R.S. § 12-14-113(1)(c) and C.R.S. § 5-5-109, against Defendant; and

- any other relief the Court may deem just and proper.

### JURY DEMAND

26. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 17, 2017

Respectfully submitted,

By: /s/ Sarah T. McEahern
Sarah T. McEahern, Esq.
Joshua B. Swigart, Esq.
HYDE & SWIGART
1525 Josephine St.
Denver, CO 80206
Telephone: (303) 731-5493
FAX: (800) 635-6425
Email: sm@westcoastlitigation.com
josh@westcoastlitigation.com

Abbas Kazerounian
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
FAX: (800) 520-5523
Email: ak@kazlg.com

The Cardoza Law Corporation
Michael F. Cardoza, Esq.
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700

*Attorneys for Plaintiffs*